## Joseph D. McGuire *vs.* John G. Rogers.

*Orphans' Court—Administration—Revocation of Letters— Notice—Largest Creditor—Secs.* 30, 31, 33, 243 *of Art.* 93 *of the Code.*

By sec. 33 of Art. 93 of the Code, it is provided that no notice need be given to a party entitled to administration, if he is out of the State, and that it is not necessary to notify any relations except a widow, child, grandchild, father, brother, sister or mother, even if they are within the State. By secs. 31 and 32 of said Article, it is provided, that if there be no relations, administration shall be granted to the largest creditor applying for the same, and that if the relations who are entitled to notice are incapable or decline upon proper summons or notice, or if other relations and creditors shall neglect to apply, administration shall be granted, at the discretion of the Court. By sec. 243 of the same Article it is provided that, where letters of administration are revoked, it shall be the duty of the Court to appoint a new administrator. HELD:

1st. That where letters of administration are revoked, and there are no relations of the intestate within the State entitled to notice before the grant of letters, the Court may immediately appoint a new administrator, and without first giving notice to the largest creditor of the deceased.

2nd. That even in the case of an original grant of letters, such creditor is not required to be notified or summoned, but must assert and claim the right of administration before the Court is required to notice it.

3rd. That the time to be allowed relations who are not required to be notified, or creditors to assert their claims to administer, is left to the sound legal discretion of the Orphans' Court.

APPEAL from the Orphans' Court of Howard County.

The case is stated in part in the opinion of the Court. On the 20th of August, 1889, John G. Rogers, claiming to be the largest creditor of Thomas B. Dorsey, deceased,

filed a petition in the Orphans' Court alleging that the order appointing McGuire as administrator of said Dorsey was irregularly and illegally passed, and praying that it might be rescinded, and that the petitioner might be appointed to administer the estate of the deceased. On the 1st of October following, the Court passed an order rescinding the appointment of said McGuire, who thereupon took this appeal.

The cause was submitted to ALVEY, C. J., STONE, ROBINSON, BRYAN, and McSHERRY, J.

*Henry E. Wootton,* for the appellant.

No appearance for the appellee.

STONE, J., delivered the opinion of the Court.

On the 6th of August, 1889, the Orphans' Court of Howard County passed an order revoking the letters of administration granted to D'Arcy upon the estate of his son Thomas B. Dorsey, and *on the same day* appointed the appellant, McGuire, administrator in the place of D'Arcy, removed. The revocation of the letters of D'Arcy was made for good and sufficient reasons, and there is no dispute upon that point. But from what we can gather from the record, Rogers, the appellee, who is admitted to be the largest creditor of the estate of Thomas B. Dorsey, complains that sufficient time was not allowed him, after the letters of D'Arcy were revoked to claim his right to letters of administration.

By section 33 of Article 93 of the Code, it is provided that no notice need be given to a party entitled to administration, *if he is out of the State,* and that it is not necessary to notify any relations except a widow, child, grandchild, father, brother, sister or mother, even if they are within the State.

By the agreed statement of facts in this case it appears that at the time of the revocation of the letters of D'Arcy, Thomas B. Dorsey the intestate had no relations living in *this State* who were entitled, *as a matter of right*, to notice before the Orphans' Court granted the letters to McGuire.

By the 30th and 31st sections of Article 93 of the Code, it is provided that if there be no relations, administration shall be granted to the largest creditor *applying for the same*, and that, if the relations who are entitled to notice, are incapable or decline upon proper summons or notice, *or if other relations and creditors shall neglect to apply, administration shall be granted at the discretion of the Court.*

By section 243 of the same Article it is provided that, where letters of administration are revoked, it shall be the duty of the Court to appoint a new administrator.

If we concede that, in a case where letters of administration are revoked, the same rule applies, as to the persons who are entitled, that apply in the case of an original grant of letters, still the appellee, Rogers, had no legal cause of complaint.

The largest creditor is not required to be notified or summoned; he must assert and claim the right of administration before the Court is required to notice it. Now, the law no where fixes a time, in cases like the present, within which he must assert his claim, nor does it prescribe any time that the Court must wait for him to do so. That matter, we think, is left to the sound legal discretion of the Orphans' Court. As a *general rule*, it is no doubt proper for the Orphans' Court to give some reasonable time for the relations who are not required to be notified, or creditors to assert their claims. But there may be cases where the security of the estate, and the rights of creditors, require immediate action; of this the Orphans' Court is the best judge.

Baltimore and Ohio R. R. Co. *vs.* State, use of Savington.

From the rather imperfect record before us, we suppose the Orphans' Court concluded that ·they had *no legal right* to appoint the appellant, McGuire, administrator *on the same day* that they revoked the letter͢s of D'Arcy.   In this they were in error, and the order appealed from will be reversed with costs.

*Order reversed, with costs.*

(Decided 18th December, 1889.)